**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

MARK BARKER                                                                    PLAINTIFF

v.                                                   3:19CV00006-BSM-JTK

MIKE ALLEN, et al.,                                                        DEFENDANTS

## ORDER

### I.    Introduction

Plaintiff Barker is an inmate who filed a Complaint (Doc. No. 1) pursuant to 42 U.S.C. §

1983, but did not submit the $400.00 filing fee or an in forma pauperis (IFP) Motion.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a

civil action in forma pauperis still must pay the full statutory filing fee of $350.[1]    28 U.S.C. §

1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation

of the proceeding or in installments over a period of time. Ashley v. Dilworth, 147 F.3d 715, 716

(8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he/she

will be allowed to proceed with his/her §1983 claims and the filing fee will be collected by the

Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the**

**prisoner's case is subsequently dismissed for any reason, including a determination that it is**

**frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who**

**is immune from such relief, the full amount of the $350 filing fee will be collected and no**

**portion of this filing fee will be refunded to the prisoner.**

The PLRA requires a Plaintiff to submit a proper and complete Motion to Proceed In Forma

---

[1]    Effective May 1, 2013, the statutory filing fee for civil actions increased to $400, due to the implementation of a $50 administrative fee.   This $50 fee does not, however, apply to in forma pauperis actions.

Pauperis, along with calculation sheet prepared and signed by an authorized officer of the detention center.   Plaintiff Barker must submit, within thirty (30) days from entry of this Order, either: (1) the statutory filing fee of $400; or (2) a proper and complete IFP Motion, **with the required calculation sheet signed by an authorized official of the detention center at which he is confined**.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1)

screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

## III.  Analysis

Plaintiff complains Defendants failed to resolve several issues submitted through grievances, but he does not identify those issues, and does not include specific allegations against any of the Defendants with respect to those issues. Therefore, his allegations are too vague to support a constitutional claim for relief. The Court will provide Plaintiff the opportunity to amend his Complaint in accordance with FED.R.CIV.P 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is directed to file a short Amended Complaint which sets forth **one claim** (referring to one incident) against named Defendants, which he wishes to pursue in this case. (His other claims should be set forth in separate lawsuits.) This Amended Complaint will render his Original Complaint without legal effect, and will take the place of those pleadings.[2]  In the Amended Complaint, Plaintiff shall specifically and

---

[2]"An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

clearly state the following: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; 4) how he was harmed; and 5) whether he was incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.** Accordingly,

IT IS THEREFORE ORDERED that:

1.      Plaintiff Barker must submit either the $400 statutory filing fee or an In Forma Pauperis Motion, within thirty days of the entry date of this Order.[3]

2.      In accordance with the above instructions, Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this Order. Failure to file an Amended Complaint or to abide by the Court's above instructions may result in dismissal of this action without prejudice. See Local Rule 5.5(c)(2).

3.      The Clerk is directed to send to Plaintiff an In Forma Pauperis Motion, together with the filing fee calculation sheet, and a § 1983 complaint form.

IT IS SO ORDERED this 9th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "... If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."